No. 27,699.

THE GRENOLA STATE BANK, *Appellee*, v. T. E. McCLURE, and J. L. KYSER and W. M. KYSER, Partners Doing Business as KYSER BROTHERS, *Appellants*.

(262 Pac. 556.)

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Transfer by Indorsement—Liability of Indorser—Evidence.* In an action to recover from the indorsers of a promissory note, the proceedings considered, and *held:* (*a*) the evidence was sufficient as against a demurrer; (*b*) it was not error to direct a verdict for the plaintiff.

2. SAME—*Generally.* Various alleged errors considered and not sustained.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed January 7, 1928. Affirmed.

*Chester Stevens,* of Independence, and *C. B. Crawley,* of Howard, for the appellants.

*J. F. Deal,* of Grenola, and *A. F. Sims,* of Howard, for the appellee.

Bills and Notes, 8 C. J. pp. 1053 n. 58, 1060 n. 38. Contracts, 13 C. J. pp. 783 n. 77, 784 n. 78.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover from the indorsers of a promissory note. Plaintiff prevailed and defendants appeal.

On December 20, 1923, McClure executed his promissory note to defendants doing business as partners under the name of Kyser Brothers. The latter, for a valuable consideration, indorsed, sold and delivered it to the Citizens State Bank of Grenola. The note was due six months after date. In February following $200 was paid thereon. Before the due date of the note, the Citizens State Bank transferred its assets to the plaintiff under an agreement which provided that the stockholders of the Citizens bank would pay an assessment of twenty thousand dollars levied upon its capital stock by the state banking department; that certain shares of its stock should be transferred to the stockholders of the Grenola State Bank, and that the stockholders of the Citizens bank were to receive at the end of one year the sum of $49,531.08 in cash or paper, optional with plaintiff. Under the agreement a consolidation of the two banks was effected and Lewis Kyser, one of the partners, was taken into the plaintiff bank to assist in the consolidation. He continued there for some nine months, during which time the original note came due and McClure applied to him for an extension. A new note was drawn, but the name of Kyser Brothers was omitted therefrom. At the expiration of the year mentioned in the consolidation agreement the plaintiff elected to turn back to the stockholders of the Citizens bank, notes and other commercial paper in approximately the amount of fifty thousand dollars. A meeting of those who had been stockholders in the Citizens bank was called and Mr. Coffey, managing officer of the plaintiff, presented a list of notes plaintiff had elected to turn back. The new note from McClure was objected to because it lacked Kyser's indorsement, was kept by Coffey for plaintiff, and later this action was filed.

At the trial defendants demurred to plaintiff's evidence. The demurrers were overruled and defendants elected to stand thereon. Thereupon plaintiff moved for an instructed verdict. The motion was allowed and the court instructed the jury to return a verdict for plaintiff.

The defendants contend that the evidence was insufficient to warrant the overruling of their demurrers or a directed verdict for plaintiff. It is argued that there was no evidence that the Citizens

State Bank was dissolved; that its shares of capital stock were transferred to plaintiff, nor that the $20,000 assessment provided by the contract was ever paid; that the only part of the agreement upon which there is evidence of performance is that a portion of the stockholders of the Citizens bank met with Coffey at the time he tendered some fifty thousand dollars in notes, which included the renewal note in controversy.

There was sufficient evidence of the transfer from the Citizens bank to the plaintiff, the Grenola State Bank. The written contract providing for the transfer of the stock was before the court, and its interpretation was a matter for the court and not the jury. The original note which had been indorsed by the defendants was transferred to the Grenola State Bank; was surrendered to McClure on execution of the renewal note; was afterwards procured by the plaintiff and the action was actually based upon it. The evidence was clear that the renewal note itself, after the meeting between Mr. Coffey, managing officer of the plaintiff, and the stockholders of the Citizens bank, was kept by Mr. Coffey; that while it was on the list and was tendered back to the stockholders, they refused it and it was never actually delivered back to them, and that the note and the indebtedness it represents had never been paid. The trial court asked Coffey this question:

"After you stated there that you would investigate it—or after something was said about investigating it—was·anything further done about delivering this (renewal) note to the stockholders of the other bank? A. No, sir. I turned around to Lewis Kyser and asked where the original note was. He said he had·returned it to McClure. After we started this suit, went to McClure and got the original note—the old note. In the meantime the year in which to turn it back had expired."

A contention that it was not shown that plaintiff was the real party in interest and that the stockholders of the Citizens State Bank may still sue and recover upon the note cannot be sustained. The evidence, in our opinion, was sufficiently clear to show that the plaintiff retained the renewal note and both the original and the renewal note were before the court and, undoubtedly, merged in the judgment. Therefore it is clear that no further action would lie by the stockholders of the Citizens bank against the defendants on the note in question.

The judgment is affirmed.

MARSHALL, J., not sitting.